UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

Plaintiff/Counter-Defendant,

v.

RASHAD ALI-KAID BADI and
EMAN SALAH,

Case No. 25-cv-10494
Hon. Linda V. Parker

Defendants-Counter-Plaintiffs,

and

ALEXANDER DEONTE BROWN,
DAVID VALENTINO BROWN, III,
and WILLIA MAE BROWN,

Defendants.
_____________________________________________/

**OPINION AND ORDER GRANTNG PLAINTIFF/COUNTER-DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 20)**

This is a declaratory judgment action in which the parties seek a determination as to whether an automobile insurance policy issued by Plaintiff/Counter-Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") must provide the $250k per person/$500k per occurrence automobile liability coverage in Michigan Compiled Laws § 500.3009, as amended. Nationwide says no, because the policy was not delivered or issued for

delivery in Michigan and none of the vehicles covered were registered or principally garaged in Michigan. Defendants/Counter-Plaintiffs Rashad Ali-Kaid Badi and Eman Salah (collectively "Counter-Plaintiffs") say yes, relying on the Policy's Out of State Coverage provision.

The matter is presently before the Court on Nationwide's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 21.) Counter-Plaintiffs responded to the motion and, in their response, indicate that they are also moving for summary judgment. (*See* ECF No. 22.) The Local Rules for the Eastern District of Michigan prohibit such a maneuver. *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document. For example, . . . a counter-motion must not be combined with a response or reply . . . Papers filed in violation of this rule will be stricken."). Counter-Plaintiffs' attempted dispositive motion also was filed after the dispositive motion deadline. (*See* ECF No. 19.) In any event, for the reasons set forth below, their motion would fail because the facts are undisputed and, based on those facts, Nationwide is entitled to judgment as a matter of law.

## I. Summary Judgment Standard

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, "[t]he party opposing the motion must show that 'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508, 514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248). The non-movant's evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

## II. Factual Background

On August 15, 2021, Badi was driving on I-75 in Detroit, Michigan, when his vehicle was struck by a 2012 Chevrolet Camero operated by Defendant Alexander Deonte Brown. (ECF No. 1-2 at PageID.21 ¶¶ 10, 11.) Badi is and was a resident of Detroit. (*Id*. at PageID.20 ¶ 1.) Brown is and was a resident of Holly Hill, South Carolina. (*Id*. ¶ 3.)

At the time of the accident, the Camero operated by Brown was covered under an auto policy issued by Nationwide, Policy Number 6139V 096928, with a Policy Period of July 24, 2021 through September 24, 2021 (hereafter "Policy").

(*See* ECF No. 1-3; *see id.* at PageID.38.) Nationwide issued the Policy to Defendant Willia Mae Brown, who also resides in Holly Hill, South Carolina. (*Id.*) The Policy covered three additional vehicles, which were garaged in Holly Hill, South Carolina. (*Id.* at PageID.36-39.) The Rated Drivers in the Policy were South Carolina residents Willia B. Brown, David V. Brown, Alexander D. Brown, and Trajan Brown. (*Id.* at PageID.36; ECF No. 1-2 at PageID.20 § 3-5.)

The Policy provides liability coverage of $50,000 each person/$100,000 each occurrence for each of the rated drivers and insured vehicles. (ECF No. 1-3 at PageID.36-39.) It includes the following provision regarding out-of-state coverage:

> **OUT OF STATE COVERAGE**
>
> If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret this Part A —Liability for that accident as follows:
>
> A. If the state or province has:
>
> 1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
>
> 2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

> B. No one will be entitled to duplicate payments for the same elements of loss.

(ECF No. 1-3 at PageID.52.)

## III. Applicable Law

The parties agree that Michigan law applies to this matter.

### A. Contract and Statutory Interpretation

The Michigan Supreme Court has provided the following summary with respect to the interpretation of an insurance contract:

> An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties. *Eghotz v. Creech*, 365 Mich. 527, 530, 113 N.W.2d 815 (1962). Accordingly, the court must look at the contract as a whole and give meaning to all terms. *Fresard v. Michigan Millers Mut. Ins. Co.*, 414 Mich. 686, 694, 327 N.W.2d 286 (1982). Further, "[a]ny clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska v. Farm Bureau Mut. Ins. Co. of Michigan*, 412 Mich. 355, 361-362, 314 N.W.2d 440 (1982). This Court cannot create ambiguity where none exists. *Edgar's Warehouse, Inc. v. United States Fidelity & Guaranty Co.*, 375 Mich. 598, 602, 134 N.W.2d 746 (1965).

*Auto Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 433-34 (Mich. 1992).

Similarly, "under Michigan law, statutory interpretation requires an examination of the plain language of the statute." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 801 (6th Cir. 2015) (quoting *In Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014)). The Michigan Supreme Court has instructed that "a clear and unambiguous statute

leaves no room for judicial construction or interpretation." *Id.* (quoting *In re Certified Question from the U.S. Ct. of Appeals for Sixth Cir.*, 659 N.W.2d 597, 600 (Mich. 2003)). "When a legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case." *In re Certified Question*, 659 N.W.2d at 600 (citation omitted).

**B. Relevant Statutes**

Michigan's No-Fault Act provides, in relevant part:

> (1) Subject to subsections (5) to (8), an automobile liability or motor vehicle liability policy that insures against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle must not be delivered or issued *for delivery in this state* with respect to *any motor vehicle registered or principally garaged in this state* unless the liability coverage is subject to all of the following limits:
>
> (a) Before July 2, 2020, a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any 1 accident, and after July 1, 2020, a limit, exclusive of interest and costs, of not less than $250,000.00 because of bodily injury to or death of 1 person in any 1 accident.
>
> (b) Before July 2, 2020 and subject to the limit for 1 person in subdivision (a), a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and after July 1, 2020, and subject to the limit for 1 person in subdivision (a), a limit of not less than $500,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

(c) A limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident.

Mich. Comp. Laws § 500.3009(1) (emphasis added).

Michigan also has a Financial Responsibility Act, but its coverage requirements are below the Policy's limits. *See* Mich. Comp. Laws § 257.520 (requiring $20,000/$40,000 liability minimum limits).

## IV. Analysis

The Policy's Out-of-State Coverage provision clearly states that Nationwide will increase coverage for accidents occurring outside the State where the covered vehicle is principally garaged, but only to the extent that State's law requires higher limits. Courts tasked with deciding whether the No-Fault Act's $250,000 per individual/$500,000 per occurrence minimum coverage limits apply to policies delivered out of Michigan and covering vehicles garaged outside the State have held that they do not. *Geico Gen. Ins. Co. v. Lewis*, -- N.W.3d --, 2026 WL 2660149, at *3 (Mich. Ct. App. Sept. 9, 2026); *Hogle v. Avery*, No. 1:25-cv-193, 2025 WL 3088667, at *2 (W.D. Mich. Nov. 5, 2025) (Jarbou, J.); *Miller v. Menzel*, No. 24-cv-11799, 2025 WL 376039, at *3 (E.D. Mich. Feb. 3, 2025) (Leitman, J.). As these courts reasoned, the plain and ambiguous language of § 500.3009(1) limits its application to a policy "delivered or issued for delivery in [Michigan] *with respect to any motor vehicle registered or principally garaged in [Michigan]*." *See, e.g., Geico Gen. Ins. Co.*, 2026 WL 2660149, at *3 (quoting

Mich. Comp. Laws § 500.3009(1)). The statute "does not . . . state that it applies to *all* automobile insurance policies." *Id*.

The Policy was not issued for delivery in [Michigan]" and the vehicle involved in the accident with Counter-Plaintiffs was not "registered or garaged" in Michigan. Thus, this Court holds that the minimum coverage limits in § 500.3009(1) of the No-Fault Act were not imported into the Policy.

Accordingly,

**IT IS ORDERED** that Nationwide's motion for summary judgment (ECF No. 20) is **GRANTED**.

Date: November 23, 2026

s/LINDA V. PARKER
U.S. DISTRICT JUDGE